UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

| | |
|---|---|
| COMPUNNEL SOFTWARE GROUP INC. | DOCKET NO. 14-CV-4790 |
| Petitioner, | |
| v. | PETITIONFORREVIEW |
| | **PETITION FOR JUDICIAL REVIEW OF FINAL AGENCY ACTION; FOR DECLARATORY JUDGMENT;** |
| ARVIND GUPTA., | |
| and, | ARBCaseNos. 12-049 |
| | ALJCaseNos.2011-LCA-045 |
| THOMAS E. PEREZ, | |
| SECRETARY UNITEDSTATES | |
| DEPARTMENTOFLABOR, | |
| Respondents. | |

---------------------------------------------------------------X

## Review of Final Decision and Order of Administrative Review Board

Petitioner Compunnel Software Group Inc. ("Compunnel"), hereby petitions the court to review the final decision of the Administrative Review Board ("ARB") of the United States Department of Labor dated May 29th 2014.

1. Petitioner is a duly incorporated for Business Corporation duly registered as a foreign business corporation in the state of New York.

2. Arvind Gupta ("Gupta") is a citizen of India and former employee of Petitioner Compunnel.

3. Defendant Thomas Perez is Secretary of United States Department of Labor and Defendants is sued herein in his official capacities.

4. The court has jurisdiction of this action pursuant to 28 U.S.C. 1331, 28 U.S.C. 1361, 28 U.S.C. 1651 and 5 U.S.C. 701 *et seq.*, and relief is requested pursuant to said statue and 28 U.S.C. 2201. Therefore district court has jurisdiction over this action to review the decision of Administrative Review Board, U.S. Department of Labor ("ARB").

## Brief Background

5. On or about November 17, 2008 Respondent, Arvind Gupta ("Gupta") a former employee of petitioner Compunnel initiated a complaint against Compunnel with the Department of Labor.

6. After thorough investigation and interviews Administrator of the Department of Labor ("DOL")provided his report/order dated May 1, 2011 dismissing all of the claims and allegations complained by the respondent Gupta. However Administrator found a calculation error and directed the petitioner to pay an amount of $6,976.00 to the respondent Gupta towards miscalculated wages. Copy of the Decision is attached as **Exhibit 'C'.**

7. On or about June 13, 2011being aggrieved by the dismissal of complaint by the Administrator DOL, respondent Gupta filed an appealagainst the decision of the DOL before Administrative Law Judge, Department of Labor ("ALJ").

8. On or about February 1, 2012, ALJ in his Decision and Order also found no merit in the appeal of the respondent Gupta and dismissed the appeal of respondent by affirming the decision of the Administrator of the DOL. Copy of the decision is attached as **Exhibit 'B'**.

9. On or about March 12, 2012 Respondent, Gupta being aggrieved by the decision of the ALJ filed a petition against the order of ALJ before the Administrative Review Board U.S Department of Labor.

10. Administrative Review Board, US Department of Labor passed the Decision and Order on May 29th 2014 whereby Hon. Luis A. Corchado, Administrative Appeal Judge and Hon. Joanne Roice, Administrative Appeal Judge ordered as following:

    i. The ALJ's Decision to deny Gupta damages for the time period from December 1 2006, through February 2 2007, is AFFIRMED on other grounds;

    ii. The ALJ's decision on the issue of compensation for travel time on February 3rd 2007, is REVERSED and REMANDED for the ALJ to calculate those damages

    iii. The ALJ's denial of wages and fringe benefits for the non-productive periods after February 27th 2007 is REVERSED AND REMANDED for the ALJ to calculate those damages; and

    iv. The ALJ's denial of Gupta's retaliation claims is VACATED and REMANDED for further findings. We remand this case for further consideration consistent with this opinion.

11. However, Hon. E Cooper Brown, Deputy Chief Administrative Appeals Judge concurring in part, and dissenting in part stated "dissent from the majority's ruling regarding the ALJ's resolution of Gupta retaliation claim because I am of the opinion that the ALJ applied the correct burdens of proof causations standard and that the ALJ's determination that Gupta failed to prove his claim of retaliation in violation of 8 U.S.C.A. §1182(n) (2) (C) (IV) is supported by substantial evidence of record".

12. Petitioner Compunnel being aggrieved by the decision of ARB is filing the present Petition for Review of the Final decision and Order dated May 29th 2014. Copy of the decision attached as **Exhibit 'A'.**

## Standard of Review

13. A court will often review a case under an "Arbitrary and Capricious" standard if the ruling the court reviews is based on the facts of the case, or if the ruling is one made

by an Administrative Government Agency. Under the "arbitrary and capricious" standard the Appeals Court will not change the lower court or Administrative Law Judge ruling unless it is clearly unreasonable or has no basis in the facts presented in the case.

14. A "Clearly Erroneous" standard of review, like the "Arbitrary and Capricious" standard, often applies to finding of fact made by a lower court or administrative review body. An Appeals Court applying a "Clearly Erroneous" standard is looking for "plain error in the finding of fact, usually based on clear evidence in the case that the finding of fact does not match what actually happened.

15. A "*de novo*" review of a case by an Appeals Court involves the court reviewing the case as it is being heard by any court for the very first time. Unlike findings of fact, findings of law are reviewed under a "*denovo*" standard. This standard gives the Appeals Court the opportunity to substitute its own analysis of what the law means and how it should be applied for the decision made by the trial judge in a case.

16. Petitioner in the following grounds for review will demonstrate how the administrative review board's decision is reviewable by this court based on Arbitrary and Capricious, clearly erroneous and *denovo* standard of review.

**Administrative Review Board was in clear error to define the employment of respondent Gupta as productive versus unproductive**

17. The Administrative law judge in his decision dated February 1st 2012 clearly dealt with the facts and law pertaining to the complaint of Arvind Gupta the prosecuting party and categorically made issues, discussed relevant evidence, applied legal analysis and providedlawful determinations pertaining to contentions of the parties. ARB in its decision dated May 29, 2014 has wrongly interpreted the productive assignment offered by petitioner Compunnel, for the reason the H1B employee is considered a full time employee of the corporation whether corporation engages the employee on in-housework or outside client/vendors project work. Therefore, learned ALJ affirmed the determination of Administrator, DOL pertaining to total miscalculated wages of $6,976.00 which was notified to the petitioner and was promptly paid. The Administrator, DOL and the ALJ duly investigated and applied the issue of payments to respondent Gupta and both were of the view that no further payment on account of an alleged back wages are due or owed by the petitioner Compunnel. The main reason for both ALJ and the Administrator, DOL to provide this finding was based on successful demonstration by the petitioner that respondent Gupta voluntarily absented himself from the employment of the petitioner Compunnel without providing any contact information or his whereabouts. The ALJ in his decision has discussed every period of respondent Gupta's claimed wages and analyzed the law and the evidence available on record before issuing an opinion or

6

order on the alleged claims. The ALJ was fully satisfied that despite petitioner's request to respondent Gupta to commence work at in-house work in the principle office of the petitioner, same was declined by respondent Gupta hence petitioner was left with no choice but to terminate the employment of respondent Gupta on or about May 2, 2008 and provided him an airline ticket to return to India on February 1, 2009 on his request after a long absence and unknown whereabouts pursuant to legal requirements and regulations of Immigration and Nationally Act.

## ARB was in clear error in distinguishing concurrent employment and conflicting evidence provided by respondent Gupta

18. The ARB also clearly erred in analyzing the respondent's back wages claim for the period from December 11,2006 through February 3, 2007 (See Page 11 Paragraph 3 of ARB decision). ARB found several fundamental deficiencies with the ALJ's conclusory analysis of Gupta's allegedly "conflicting evidence" that Headstrong fired and "benched" him. In this regard ARB concluded that the law permits an H-1B non-immigrate to work for more than one employer so long as each employer has filed an H-1B petition on the non-immigrant behalf with the USCIS. Form I-129 provides that the H-1B petition may be based on, inter alia, a request for "concurrent employment," or on a request for a change of employer. Nonetheless, ARB erred in either investigating or finding the time period or the work time on the Form I-129 as in the concurrent employment, and employee may not be able to work at both the employers

7

during the same time for example between the hours of 9:00 am to 5:00 pm. In view of respondent Gupta's failure to provide clear and convincing evidence regarding his employment claim with Headstrong as well as Compunnel the ALJ correctly rejected Gupta's claim for back wages on the conflicting evidence and Gupta's failure to meet the burden in providing the evidence on record. In this regard also see Gupta's petition/complaint ***Docket No. 12-CV-6652 entitled Arvind Gupta v. Headstrong Inc, and Hilda L. Solis, Secretary of United States Department of Labor, filed in the US District Court for Southern District of New York***, whereby Gupta claimed back wages and other damages against the Headstrong Inc. for the same period.

19. The ARB failed to appreciate that ALJ and the Labor Department's Administrator had found no merit in the claims of respondent Gupta. Respondent Gupta is a disgruntled employee who filed complaints against all of his employers including Wipro India, Headstrong Inc., and petitioner, Compunnel, where he worked in USA on H-1B. Unfortunately respondent Gupta had completed his six years or was about to complete his six years tenure on H-1B visa resulting none of the employers had the ability to hire him beyond six year period as provided for an H-1B visa by the Immigration and Nationality Act. Respondent Gupta had to return to country of his origin, India and apparently respondent Gupta is disgruntled and in fact, in retaliation filed the complaint against petitioner Compunnel much after separation of employment from Compunnel. Therefore, ARB was in clear error in finding the

concurrent employment claim of Gupta to be credible where as ALJ and DOL Administrator who had the ability to review and investigate the periods of claimed back wages found Gupta's claim not to be credible.

## Retaliation Claims

20. Respondent Gupta alleges that petitioner Compunnel retaliated against him for engaging in activity protected by INS Section 8 U.S.C.A. §1182 (n)(II)(C)(4). Learned ALJ denied the claim based on finding that the prosecuting party Gupta was unable to establish a prime facie case of retaliation by the employer under the Act. For ALJ to arrive at this decision ALJ has in length discussed the statue, analyzed the case law and applied to the assertions of the prosecuting party in a methodical and meaningful way. However, it is important to note that all the alleged acts of retaliations are from the period of February 2009 to 2010 whereas petitioner Compunnel had no idea or information about Gupta's complaint to the Department of Labor until end of year 2010, when Mr. Ronald R. Rehl, Wage and Hour Investigator contacted the petitioner Compunnel. Therefore even the allegations of retaliation are baseless and frivolous for the petitioner Compunnel had no idea, information, knowledge or inclination of any adverse activity of p Gupta. Since the petitioner Compunnel had no knowledge and even otherwise all actions taken by the petitioner Compunnel from hiring to firing and providing return ticket to India were in due course of business and as required by law particularly Immigration and Nationality

Act.For these reasonsGupta's claim of discrimination or retaliation for protected actions were denied by Wage and Hour Administrator as well as Administrative Law Judge.

21. Now, ARB is attempting to re-open the trial for Gupta's retaliations claim by vacating the ALJ's finding and remanded the case for further finding. In this regard it is submitted that Gupta had waived his right to testify by requesting a decision on the record. The ALJ granted Gupta's request and cancelled the hearing noting, the record is closed and all discovery issues are now resolved. The prosecuting party Gupta wanted ALJ to make decision based on record accordingly, ALJ decision is based on record which ARB in its decision admits that "unfortunately, neither the statue nor the implementing regulations provide explicit guidance as to the employee's burden of truth on his case or the employer'sburden on any alleged defenses". ALJ correctly analyzed whether Gupta established a "prima facie case of retaliation" under an analysis that applied shifting burden to "produce evidence". The ALJ correctly rejected Gupta's claim on two grounds. 1. Gupta "is unable to establish that Compunnel took adverse actions against him," and; 2. Gupta provides no credible evidence to show a retaliatory motive.

22. ARB found that ALJ's ruling on the retaliation claim is unreliable and must be remanded for further findings.At this point, it is important to analyze the challenges

to ALJ's finding by respondent Gupta. Gupta's first cause is Compunnel's failure to pay all of his wages and fringe benefits in 2008. ARB in its decision has discussed the issue of non-payment for productive and non-productive periods including payment of $6,976.00 to Gupta pursuant to investigation by Wage and Hour Department. In fact, this was not an illegality or out of retaliation but admittedly, it was an accounting error which was corrected and paid when found. The second challenge to ALJ's finding is that respondent Compunnel failed to file Form I-140 (Immigrant petition for alien worker) with USCIS in October 2009, the challenge itself presents a disgruntlement and retaliation on part of respondent Gupta.An application for immigrant petition is merely an attempt by any employer to retain an employee and file for immigrant petition. Since respondent Gupta had abandoned the employment and'/or offer of employment form the respondent Compunnel, perusing any application after his termination was meaningless, useless and misstatement to USCIS. The third challenge of Gupta states:Re-assigning him overseas. The statement made not under the oath is false and frivolous. Respondent Gupta was not assigned any  work or employment overseas rather, upon termination as per the INA regulation was provided return passage ticket. The remaining challenge involves allegations of sending back dated letters to USCIS and creating false employment record is also frivolous and based on conjuncture and surmises. The allegations were examined by the wage and hour investigator and ALJ with the support of evidentiary record provided by the parties and found no merit in the mere allegations of Gupta's

retaliations claims. Now ARB direct to ALJ to review for further findings without any new record, evidentiary material or fact is arbitrary and capricious on part of ARB.

### ARB's direction on remand to ALJ to calculated fringe benefits associated with his back wages is not valid

23. ARB in its decision found that Gupta's periods of non-productive statues were attributable to circumstances identified under 20 C.F.R. §655.731(c) (7) (II) during which wages need not to be paid. Based on this regulation ARB determined that Gupta is entitled to all fringe benefits afforded to U.S. workers during the course of his employment and further stated that because we remand this case for the ALJ to calculate Gupta's back wages we also remand this case for the ALJ to calculate fringe benefits associated with his back wages. Again, ARB has not reviewed the two decisions by the ALJ and investigator who denied the respondent Gupta's claim of fringe benefits based on legal record. Wage and Hour Administrator on page six of his report denied holiday pay as that was not an issue for periods when it could not be verified that Mr. Gupta was available for work and further states- holidays are by default includedin the face of the records violation for the period of productive time. Regarding the complaint of not paid promised bonus; the report of investigator states- Mr. Gupta claims payments made to him in 2008 are a promised bonus and should be included in any back wage computation. These payments are shown as expenses on the payroll and not subject to tax withholding. These payments are not included in the

wages shown on the W-2 and Mr. Gupta did not include them as earnings when he filed his income tax return. These payments are not considered a promised bonus. The learned ALJ in his decision affirmed the finding of the Administrator/Investigator that prosecuting party characterized cash bonus as an expense on the prosecuting party wage record and that prosecuting party Gupta never paid taxes on these bonuses. In addition, ALJ categorically considered whether the prosecuting party is entitled to be compensated for benefits during times he was in productive statues (February-July 2007; December 2007- March 2008). Also, ALJ in his decision state that the respondent, Gupta did not address this issue explicitly in its brief therefore, any personal days to which Gupta was entitled were already calculated into the Administrator's award. The ARB plainly presumed that petitioner Compunnel provides such fringe benefits to other U.S. workers which the record shows that Compunnel does not provide any such benefit to any of its employees. The ARB further added in applying the 20 C.F.R §655.731(c) (7) (II), which does provide benefits and eligibility for benefits to H-1B non-immigrant employees(including the opportunity to participate in health, life, disability and other insurance plans; the opportunity to participate in retirement and saving plans; and cash bonuses such as stock options on the same basis, and in accordance to the same criteria as the employer offers to the United States workers). It is to be noted that Gupta remained in the employment of petitioner Compunnel from February-July 2007 and December 2007-March 2008. Merely by working 6 months of broken durations, Gupta may not

13

be entitled to any fringe benefits for the respondent Compunnel for two reasons. 1. That Compunnel does not offer any such fringe benefits to its US workers. 2. Due to short tenure of work by respondent Gupta he may not have become eligible for any other benefits including health, life, savings, insurance or others. Therefore, ARB remanding the case to ALJ to calculate fringe benefits is a futile exercise and abuse of discretion.

WHEREFORE, petitioner respectfully requests to set aside, modify, vacate the decision dated May 29th 2014 passed by Administrative Review Board, US Department of Labor and Affirm the decision dated February 1st 2012 passed by Administrative Law Judge, US Department of Labor in all respects. Pass such other or further Order in favor of the Petitioner, Compunnel Award cost and disbursement including Legal Fee in favor of the Petitioner.

June 26, 2014
New York, NY                                                   /s/
                                             Sanjay Chaubey, Esq.(SC-3241)
                                             Kamal K. Rastogi, Esq (KR-8094)
                                             *Attorneys for Petitioner*
                                             Compunnel Software Group, Inc.

                                             350 Fifth Ave Suite 5013
                                             New York, New York 10118
                                             Phone: (212)563-3223
                                             Fax:    (212)563-4534
                                             Email: Chaubeylaw@gmail.com