**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------- X

**COMPUNNEL SOFTWARE GROUP,**
**INC.,**

     **Petitioner,**

 **- against -**

**ARVIND GUPTA, and THOMAS**
**PEREZ, in his capacity as Secretary of**
**the United States Department of Labor,**

    **Respondents.**

--------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _10/22/14_

**ORDER**

**14-cv-4790**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

   This is a petition brought by Compunnel Software Group, Inc.

("Compunnel") seeking judicial review under the Administrative Procedures Act[1]

of a decision and order issued by the Administrative Review Board ("ARB") of the

United States Department of Labor.[2]  The ARB's decision addressed Arvind

Gupta's ("Gupta") requests for relief under the Immigration and Nationality Act

("INA"), and remanded the case to the Administrative Law Judge ("ALJ") for

---

[1]  *See* 5 U.S.C. § 701 *et seq.*

[2]  *See* Petition for Judicial Review of Final Agency Action [and for]
Declaratory Judgment ("Petition"), Docket No. 2.

1

further proceedings.[3]  By order dated July 22, 2014 (the "abeyance order"), the

ALJ granted Compunnel's motion requesting that the remanded case (ALJ No.

2011-LCA-045) be held in abeyance, pending a decision by this Court.[4]  After

Compunnel filed its petition for judicial review in this Court, Gupta filed fourteen

counterclaims, some of which reflect Gupta's disagreement with the ARB's

decision.[5]

---

[3]      *See id.* at 3-4 (stating that the ARB held as follows: "i. The ALJ's
Decision to deny Gupta damages for the time period from December 1 2006,
through February 2 2007, is AFFIRMED on other grounds; ii. The ALJ's decision
on the issue of compensation for travel time on February 3rd 2007, is REVERSED
and REMANDED for the ALJ to calculate those damages; iii. The ALJ's denial of
wages and fringe benefits for the non-productive periods after February 27th 2007
is REVERSED AND REMANDED for the ALJ to calculate those damages; and iv.
The ALJ's denial of Gupta's retaliation claims is VACATED and REMANDED
for further findings.").

[4]      By order dated August 4, 2014, the ALJ denied Gupta's motion for
reconsideration of the abeyance order; and, on September 23, 2014, the ARB
refused, on jurisdictional grounds, to consider Gupta's request for summary
reversal of the abeyance order.

[5]      Counterclaims One through Three, brought against both Compunnel
and the Department of Labor, seek review of various aspects of the ARB decision,
including its conclusions as to the time periods for which Gupta is entitled to pay,
and its determination not to disqualify Compunnel from the H1-B visa program.
Counterclaim Seven seeks a declaratory judgment stating that Gupta's employment
relationship with Compunnel is continuing due to a "labor dispute" pending
resolution by courts or agency.  Counterclaim Nine is a claim pursuant to 20 C.F.R.
§ 655.801(a) for retaliation against Compunnel.  Counterclaims Four through Six
are premised on breach of contract, while Counterclaims Eight, Ten, Eleven,
Twelve, Thirteen, and Fourteen request different forms of damages.  *See*
Respondent Arvind Gupta's Answer to Complaint Including First Amended

Because the ARB remanded the case to the ALJ for further fact finding, the ARB's decision is not final, and is therefore not subject to review by this Court.[6] Until the ARB decision is final, neither Compunnel nor Gupta can currently seek review of the ARB's decision, or any other issues arising under the INA. Accordingly, as stated on the record of the conference held on October 20, 2014, Compunnel's claim for review of the ARB's decision is DISMISSED pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the same reasons, Gupta's First, Second, Third, Seventh, and Ninth counterclaims/cross-claims are also DISMISSED pursuant to Rules 12(b)(1) and 12(b)(6).[7]

Furthermore, as the claims based on review of the ARB decision are now dismissed, there is no basis for the ALJ to continue to hold the remanded case in abeyance pursuant to the abeyance order. Accordingly, the ALJ is directed to

---

Counter and Cross-Claims, Docket No. 33.

[6]     *See generally Blue Ridge Envtl. Defense League v. Nuclear Regulatory Comm'n*, 668 F.3d 747 (D.C. Cir. 2012); *Exxon Chems. America v. Chao*, 298 F.3d 464 (5th Cir. 2002).

[7]     Dismissal is without prejudice to review once a final ARB decision is issued. In addition, the Court takes no view at this time as to whether claims that are not based on review of the ARB's decision and/or the INA must also be dismissed. Indeed, a briefing schedule has been set with respect to motions to dismiss such claims – the opening brief is due November 7, 2014, the opposition is due December 5, 2014, and the reply is due December 19, 2014.

3

issue its ruling within thirty (30) days of receipt of this Order.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:       New York, New York
             October 21, 2014

4

## -Appearances-

**For Petitioner:**

Sanjay Chaubey, Esq.
Law Offices of Sanjay Chaubey
Empire State Building, 350 Fifth Avenue, Suite 5013
New York, NY 10118
(212) 563-3223

**For Respondent Arvind Gupta:**

Arvind Gupta (pro se)
1-C-271 Orchid
Kalpataru Gardens, Phase-2
Ashok Nagar, Kandivali (East)
Mumbai, MH 400101
India

**For Respondent Thomas E. Perez,**
**Secretary of the United States Department of Labor**

Patricia L. Buchanan
Shane Cargo
Assistant United States Attorneys
U.S. Attorney Office for the Southern District of New York
86 Chambers Street
New York, NY 10007
(212) 637-3274