UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

COMPUNNEL SOFTWARE GROUP, INC.

                    Petitioner,

    - against -

ARVIND GUPTA and THOMAS PEREZ,
Secretary of the United States Department of
Labor,

                    Respondents.
------------------------------------------------------------X

```
┌─────────────────────────────┐
│ USDC SDNY                    │
│ DOCUMENT                     │
│ ELECTRONICALLY FILED         │
│ DOC #:                       │
│ DATE FILED:   3/17/15        │
└─────────────────────────────┘
```

## OPINION AND ORDER

14 Civ. 4790 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.    INTRODUCTION

Compunnel Software Group, Inc. ("Compunnel") seeks judicial review under the Administrative Procedure Act[1] from an Administrative Review Board ("ARB") order.[2]  Arvind Gupta opposed Compunnel's petition and filed a series of fourteen counterclaims against Compunnel.[3]  In October, 2014, this Court dismissed Compunnel's petition without prejudice because the ARB had not yet

---

[1]    *See* 5 U.S.C. § 701 *et seq.*

[2]    *See* Petition for Judicial Review of Final Agency Action at 4.

[3]    *See* Respondent's Answer to the Complaint ("Answer") at 42-76.

issued a final decision.[4]  Gupta's First, Second, Third, Seventh, and Ninth

counterclaims were dismissed for the same reason.[5]  Compunnel then filed a

motion to dismiss the remaining counterclaims, which I treat as a motion for

judgement on the pleadings pursuant to Rule 12(c).  Gupta filed a cross motion for

judgement on the pleadings.  For the reasons stated below, Compunnel's motion

for judgement on the pleadings is granted and the case is DISMISSED.

## II.   BACKGROUND

### A.   Factual Background

On December 1, 2006, Compunnel filed a Labor Condition

Application (the "LCA") as a necessary step for securing Gupta's H-1B

employment under the Immigration and Nationality Act ("INA").[6]  To secure

Gupta's employment, Compunnel also filed an H-1B petition with the United

States Citizenship and Immigration Service ("USCIS").[7]  Gupta signed an

---

[4]      *See* October 22, 2014 Order, Docket no. 38 at 3.

[5]      *See id.*

[6]      *See* the 2006 LCA, Ex. RX-SDNY-03 to Answer, at 10.  For the
purpose of this opinion, all non-conclusory, factual assertions made in the
pleadings by Gupta are taken as true.

[7]      *See* Department of Homeland Security I-797 Notice of Action ("I-797
Notice"), Ex. H to Petitioner's Memorandum of Law in Support of First Motion to
Dismiss Counterclaims/Crossclaims ("Pet. Mem.").

Employment Agreement (the "Agreement") with Compunnel sometime in February 2007.[8]

  The Agreement specified that Compunnel "had the right . . . to cancel the Agreement with or without notice to the Employee" if Gupta showed incompetence or nonprofessional conduct, breached the Agreement, or violated the Employee Manual.[9] It further specified that the Agreement would terminate upon the mutual agreement of Gupta and Compunnel, the death of Gupta, or upon the occurrence of anything which constituted cause as defined by the Employee manual.[10] The Agreement did not state a salary that Gupta was to be paid, nor did it state under what circumstances Gupta would be paid.[11] It also did not say how long the employment relationship would last.[12]

  USCIS approved Compunnel's LCA and H-1B petition and returned them to the parties on March 1, 2007.[13] According to the approval notice, Gupta was granted status to work in the United States exclusively for Compunnel from

---

[8]  The Agreement, Ex. RX-SDNY-07 to Answer, at 2.

[9]  *See id.*

[10]  *See id.*

[11]  *See id.*

[12]  *See id.*

[13]  *See* I-797 Notice.

-3-

February 27, 2007 until April 30, 2009.[14]  Up until June 11, 2007, Gupta worked

productively on third-party projects around the country while paid by

Compunnel.[15]  After this, Gupta entered a period of "nonproductive status," where

he did not work on any projects and was not paid.[16]  From December 11, 2007 until

March 31 2008, Gupta worked on another third party project for which he was paid

by Compunnel.[17]  After this project, Gupta never again worked productively for

Compunnel, and was not paid during these nonproductive periods.[18]

On January 21, 2009, Compunnel provided Gupta with a plane ticket

to India.[19]  On February 19, 2009, at Compunnel's request, USCIS automatically

revoked Compunnel's petition.[20]  On April 30, 2009, Gupta's H-1B petition

---

[14]     *See id.*

[15]     *See* Answer at 37.

[16]     *Id.*

[17]     *See id.*

[18]     *See id.* at 37-38.

[19]     *See id.* at 38. *See also* ARB Decision and Order ("ARB D&O"), Ex. RX-SDNY-02 to Answer, at 7.

[20]     *See* Compunnel Notification to USCIS, Ex. RX-SDNY-05 to Answer, at 4. Compunnel claims that this letter was sent on May 5, 2008, while Gupta claims that this letter was backdated. *See* Pet. Mem. at 16; Answer at 40.

expired, and he returned to Mumbai, India where he has resided since.[21]  On

February 24, 2010, Gupta received an update on his H-1B status from Compunnel,

explaining that his H-1B form could not be filed until the company found a client

for Gupta.[22]

### B.    Procedural History

#### 1.    Administrative Law Hearing

On November 17, 2008, Gupta filed an action against Compunnel

with the Department of Labor ("DoL").[23]  After a full investigation, the

Administrator directed Compunnel to pay $6,976.00 to Gupta for miscalculated

wages.[24]  On June 13, 2011, Gupta filed an appeal to an Administrative Law Judge

("ALJ").[25]  The ALJ dismissed the appeal on February 1, 2012, and Gupta filed an

additional appeal with the ARB.[26]

---

[21]     *See* Answer at 40-41.

[22]     *See* Compunnel Email February 2010, Ex. RX-SDNY-06 to Answer.

[23]     *See* Compunnel's Statement of Material Facts Not In Dispute ("Pet.
56.1") at 2. *See also* Response to Compunnel's Statement of Material Facts Not In
Dispute ("Gupta 56.1") at 3.

[24]     *See* DoL Report, Ex. A to Pet. Mem., at 3.

[25]     *See* Pl. 56.1 at 2. *See also* Gupta 56.1 at 5.

[26]     *See* ALJ Decision and Order, Ex. B to Pet. Mem., at 15. *See also* ARB
D&O at 2.

On May 29, 2014 the ARB affirmed in part, reversed in part, and remanded the matter to the ALJ for the calculation of damages connected with Gupta's nonproductive time and for a consideration of Gupta's retaliation claim.[27] The ARB found that from July 23, 2007 until December 10, 2007, Gupta was entitled to payment of wages and fringe benefits under the H-1B provisions of the INA.[28] The ARB further found that Gupta was entitled to back wages and fringe benefits from March 31, 2008, until the expiration of Gupta's petition on April 30, 2009.[29] Furthermore, the ARB found that the ALJ had erroneously determined the burden of proof for Gupta's retaliation claim.[30] Finally, the ARB remanded the case to the ALJ for a calculation of damages on the wage and hour claims and for further findings on the retaliation claims.[31] As of the date of this decision, the ALJ has yet to rule on these issues.

## III. LEGAL STANDARD

---

[27]    *See* ARB D&O at 2.

[28]    *See id.* at 14, 18.

[29]    *See id.* at 17, 18.

[30]    *See id.* at 21.

[31]    *See id.* at 22.

### A.    Judgment on the Pleadings[32]

At any time after the pleadings close and before the trial commences,
a party may move for a judgment on the pleadings under Rule 12(c).[33]  A party is
entitled to judgment on the pleadings only if it is clear that no material issues of
fact remain to be resolved and that it is entitled to judgment as a matter of law.[34]
For example, dismissal of the complaint "'is appropriate when a defendant raises . .
. [a statutory bar] as an affirmative defense and it is clear from the face of the
complaint, and matters of which the court may take judicial notice, that the
plaintiff's claims are barred as a matter of law.'"[35]

"'The standard for addressing a Rule 12(c) motion for judgment on

---

[32]    Although Compunnel's motion is cast as a motion to dismiss, it makes
reference to Rule 12(c) and Rule 12(f).  Because a Rule 12(f) motion to strike
cannot be made after the defendant has responded to the pleading, Compunnel's
motion is better characterized as a Rule 12(c) motion for judgment on the
pleadings.  *See* Fed R. Civ. 12(c), 12(f).

[33]    *See Frater v. Tigerpack Capital, Ltd.*, No. 98 Civ. 3306, 1998 WL
851591, at *1 (S.D.N.Y. Dec. 9, 1998) (citing 2 *Moore's Federal Practice* § 12.38
at 12-99).

[34]    *See Burns Int'l Sec. Servs. v. International Union, United Plant Guard
Workers of Am.*, 47 F.3d 14, 16 (2d Cir. 1994); *Carballo ex rel. Cortes v. Apfel*, 34
F. Supp. 2d 208, 214 (S.D.N.Y. 1999).

[35]    *Serrano v. USA United Transit Bus Inc.*, No. 09 Civ. 2710, 2009 WL
3698395, at *4 (E.D.N.Y. Nov. 3, 2009) (quoting *Conopco, Inc. v. Roll Int'l,*, 231
F.3d 82, 86 (2d Cir. 2000)).

the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim.'"[36] In either instance, the court must accept as true the non-movant's allegations, along with the allegations in the movant's pleading that the non-movant has admitted, and must draw all reasonable inferences in the non-movant's favor.[37] The court need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness."[38]

The allegations in a complaint must meet a standard of "plausibility."[39] A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that [plaintiff is entitled to relief]."[40] Plausibility "is not akin to a probability requirement;" rather

---

[36] *Wachovia Corp. v. Citigroup, Inc.*, 634 F. Supp. 2d 445, 450 (S.D.N.Y. 2009) (quoting *Cleveland v. Caplaw Enters.*, 448 F.3d 518, 520 (2d Cir. 2006)).

[37] *See id.*; *Frater*, 1998 WL 851591, at *1 (citing *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir. 1994)). Because Gupta is proceeding pro se, this Court is required to read his complaint liberally "to raise the strongest arguments that [it] suggests." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (quotation marks and citation omitted). *Accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.") (quotation marks and citation omitted).

[38] *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

[39] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

[40] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quotation marks omitted).

-8-

plausibility requires "more than a sheer possibility . . . ."[41]  Pleading a fact that is "merely consistent" does not satisfy the plausibility standard.[42]

   The court "must limit itself to the facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."[43]  A document is considered incorporated by reference if it is "in a pleading . . . adopted by reference elsewhere in the same pleading or in any other pleading . . . ."[44]  A court may also consider a document not specifically incorporated by reference but on which the complaint heavily relies and which is integral to the complaint.[45]  This is particularly true when the non-movant either had the document in its possession or knew of the document when bringing suit.[46]  In addition, a court "'may . . . consider matters of which judicial notice may be taken.'"[47]  On the other hand, if a court is presented with material outside of the

---

[41] *Id.* (quotation marks omitted).

[42] *Id.* (quotation marks omitted).

[43] *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).

[44] Fed. R. Civ. P. 10(c).

[45] *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

[46] *See Edison Fund v. Cogent Inv. Strategies Fund, Ltd.*, 551 F. Supp. 2d 210, 217 (S.D.N.Y. 2008).

[47] *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (quoting *Kramer*, 937 F.2d at 773).

pleadings and not subject to judicial notice, it should either exclude the material in its consideration of the motion to dismiss or for judgment on the pleading, or consider the material after converting the motion into one for summary judgment.[48]

## B.   Private Rights of Action Under the INA

The exhaustion of administrative remedies doctrine is a well-established precept of administrative law.[49]  The doctrine "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."[50] Quite often a party cannot seek judicial relief until he has exhausted the "prescribed administrative remedies."[51]  The requirement of exhaustion "'may arise from explicit statutory language or from an administrative scheme providing for agency relief.'"[52]  When a federal statute provides for administrative remedies in

---

[48]     See Kramer, 937 F.2d at 773.

[49]     See McKart v. United States, 395 U.S. 185, 193 (1969).

[50]     McCarthy v. Madigan, 503 U.S. 140, 145 (1992).

[51]     Id. at 144 (citing Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938)). Accord American Benefits Grp., Inc. v. National Ass'n of Sec. Dealers, No. 99 Civ. 4733, 1999 WL 605246, at *5 (S.D.N.Y. Aug. 10, 1999) (citing Touche Ross & Co. v. SEC, 609 F.2d 570, 574 (2d Cir. 1979) (holding that "a litigant is required to pursue all of his administrative remedies before he will be permitted to seek judicial relief")).

[52]     Shah v. Wilco Systems, 126 F. Supp. 2d 641, 647 (S.D.N.Y. 2000) (quoting Kennedy v. Empire Blue Cross & Blue Shield, 989 F.2d 588, 592 (2d Cir. 1993)).

-10-

lieu of a right to sue in federal court, a right of action does not exist "unless congressional intent can be inferred from the language of the statute, the statutory structure, or some other source."[53]

Section 1182(n) of the INA details a comprehensive enforcement scheme that provides for the investigation and enforcement of claims that the employer has violated some provision of the Act, including the wage and hour provisions.[54]  Enforcement procedures have been established through extensive administrative regulation.[55]  Complaints alleging violations such as wage claims and retaliation claims under Section 1182(n)(2) may be submitted by an aggrieved party to the DoL, which investigates the allegations and makes a determination.[56]  If the complainant is dissatisfied with the DoL's determination, he may request a hearing with an ALJ, who is required to issue a decision.[57]  Thereafter, a party may

---

[53]      *Karahalios v. National Fed'n of Fed. Employees*, 489 U.S. 527, 532–33 (1989) (citing *Thompson v. Thompson*, 484 U.S. 174, 179 (1988) (noting that congressional intent is the Court's "focal point" in determining whether to infer a private right of action from a federal statute)).

[54]      *See* 8 U.S.C. § 1182(n)(2)(A).

[55]      *See* 20 C.F.R. §§ 655.800–655.855.

[56]      *See id.* § 655.805.

[57]      *See id.* §§ 655.820. 655.840.

-11-

appeal to the ARB, which determines whether to review the ALJ's decision.[58]

Finally, once all administrative remedies have been exhausted, the Secretary of

Labor's final decision may be appealed by any party to the appropriate district

court.[59]  This process only contemplates judicial review after the administrative

process has been completed.[60]  Furthermore, "[n]ot only do comprehensive

administrative mechanisms exist, but also the legislative history of the Immigration

and Nationality Act yields no support for the proposition that Congress intended to

create a private right of action" in Section 1182(n).[61] Section 1182(n) does not

provide for a private right of action.[62]

     The exhaustion doctrine, however, is also subject to numerous

exceptions.[63]  In *Guitard v. U.S. Secretary of Navy*, the Second Circuit

acknowledged that a party may not need to exhaust administrative remedies when:

---

[58]    *See id.* § 655.845.

[59]    *See id.* § 655.850.

[60]    *See id. See also Shah*, 126 F. Supp. 2d at 647.

[61]    *Biran v. JP Morgan Chase*, No. 02 Civ. 5506, 2002 WL 31040345, at *3 (S.D.N.Y. Sept. 12, 2002). *Accord Shah*, 126 F. Supp. 2d at 648.

[62]    *See Shah*, 126 F. Supp. 2d at 648. *Accord Gupta v. Headstrong*, No. 12 Civ. 6652, 2013 WL 4710388, at *3 (S.D.N.Y. Aug. 30, 2013).  *United States v. Richard Dattner Assocs.*, 972 F. Supp. 738, 747 (S.D.N.Y. 1997).

[63]    *See McKart*, 395 U.S. at 193.

-12-

(1) available remedies provide no genuine opportunity for
adequate relief;
(2) irreparable injury may occur without immediate judicial
relief;
(3) administrative appeal would be futile; and
(4) in certain instances a plaintiff has raised a substantial
constitutional question.[64]

Furthermore, in *McCarthy v. Madigan*, the United States Supreme Court

recognized that "an agency, as a preliminary matter, may be unable to consider

whether to grant relief because it lacks institutional competence to resolve the

particular type of issue presented, such as the constitutionality of a statute."[65]

### C.   Enforcing Federal Law as a Third-Party Beneficiary of Government Requirements

"'[R]ecognition of any private right of action for violating a federal

statute' . . . 'must ultimately rest on congressional intent to provide a private

remedy.'"[66] "[A] federal court should not strain to find in a contract a state-law

right of action for violation of federal law under which no private right of action

exists."[67] "Although whether the plaintiff has a private right of action under the

---

[64]     967 F.2d 737, 741 (2d Cir. 1992).

[65]     503 U.S. at 147-48.

[66]     *Astra USA, Inc. v. Santa Clara County, Calif.*, 563 U.S. ——, ——,
131 S.Ct. 1342, 1347 (2011) (quoting *Virginia Bankshares, Inc. v. Sandberg*, 501
U.S. 1083, 1102 (1991)).

[67]     *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 198 (2d Cir. 2005)
(citing *Grochowski v. Phoenix Construction*, 318 F.3d 80 (2d Cir. 2003)).

statute is conceptually distinct from whether the plaintiff may sue as a third-party

beneficiary of the contract mandated by the statute, the same considerations largely

determine both issues."[68]  "[W]hen a government contract confirms a statutory

obligation, 'a third-party private contract action [to enforce that obligation] would

be inconsistent with . . . the legislative scheme . . . to the same extent as would a

cause of action directly under the statute.'"[69]  Regulations promulgated under a

statute,

> if valid and reasonable, authoritatively construe the statute
> itself, and it is therefore meaningless to talk about a
> separate cause of action to enforce the regulations apart
> from the statute. A Congress that intends the statute to be
> enforced through a private cause of action intends the
> authoritative interpretation of the statute to be so enforced
> as well.[70]

Thus a suit filed to enforce a regulation will be analyzed in the same manner as a

suit to enforce a statute.

### D.    Breach of Employment Contract

To make out a breach of contract claim under New York law a

---

[68]    *Davis v. United Air Lines, Inc.*, 575 F. Supp. 677, 680 (E.D.N.Y. 1983).

[69]    *Astra USA, Inc.*, 131 S.Ct. at 1348 (quoting *Grochowski*, 318 F.3d at 86).

[70]    *Alexander*, 532 U.S. at 284 (citing *Chevron U.S.A., Inc. v. Natural Res. Defense Council, Inc.*, 467 U.S. 837, 843–44 (1984)).

plaintiff's must show "(1) the existence of an agreement, (2) adequate performance of the contract by the [claimant], (3) breach of contract by the [accused], and (4) damages."[71]   To show that an enforceable contract existed, the claimant must plead facts surrounding the formation of the contract such as the date the parties entered into the contract, the major terms of the contract, the parties to the contract, and that the party to be bound assented to the contract.[72]  A breach of contract claim "that fails to allege facts sufficient to show that an enforceable contract existed between the parties is subject to dismissal."[73]  Additionally, the claimant must allege the specific provisions of the contract upon which the breach of contract claim is based.[74]  A claim for breach of contract cannot be sustained by a conclusory statement that the accused breached a contract.[75]

An effective employment contract must include "the identity of the parties, the terms of employment, which include the commencement date, the

---

[71]    *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004) (quotation marks omitted).

[72]    *See Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008).

[73]    *Id.* (quotation marks omitted).

[74]    *See Sheridan v. Trustees of Columbia Univ. in City of New York*, 296 A.D.2d 314, 315 (1st Dep't 2002). *See also Matter of Sud v. Sud*, 211 A.D.2d 423, 424 (1st Dep't 1995).

[75]    *See Berman*, 580 F. Supp. 2d at 202.

-15-

duration of the contract and the salary."[76]  Under New York law, absent an

agreement establishing a fixed duration of employment, an employment

relationship is inferred to be at-will, terminable at any time by either party.[77]  The

employee can rebut this presumption by establishing "the employer made the

employee aware of its express written policy [limiting its right of discharge] . . .

and that the employee detrimentally relied on that policy in accepting the

employment."[78]  The mere existence of a written policy is not enough to overcome

the presumption favoring at-will discharge.[79]

## III.  DISCUSSION

Gupta alleges a breach of contract claim for nonpayment of wages and

benefits during his nonproductive periods with the company from July 23, 2007 to

December 10, 2007, and from April 1, 2008 to April 30, 2009.[80]  He further alleges

a breach of contract from May 1, 2009 to June 13, 2010 and claims that he remains

---

[76]     *Durso v. Baisch*, 37 A.D.3d 646, 647 (2d Dep't 2007).  *Accord Merschrod v. Cornell Univ.*, 139 A.D.2d 802, 805 (3rd Dep't 1988).

[77]     *See Goldman v. White Plains Center for Nursing Care, Inc.*, 11 N.Y.3d 173 (2008)(citing *Sabetay v. Sterling Drug*, 69 N.Y.2d 329, 333 (1987)).

[78]     *Maas v. Cornell University*, 94 N.Y.2d 87, 93 (1999)(quoting *De Petris v. Union Settlement Assn.*, 86 N.Y.2d 406, 410 (1995).  *Accord Weiner v. McGraw–Hill, Inc.*, 57 N.Y.2d 458, 464–66 (1982).

[79]     *De Petris*, 86 N.Y.2d at 411.

[80]     *See* Answer at 8.

an employee of Compunnel, owed wages to this day.[81]  Finally, Gupta alleges

expenses for "business travel" arising after he left the country on April 30, 2009.[82]

In alleging these contractual claims, he relies both on the 2007 LCA and the

private contract signed by the parties in February 2007.[83]

### A.     Breach of the LCA

The 2007 LCA cannot sustain a breach of contract claim.  An LCA is

a form by an employer stipulating the wage level and working conditions, among

other things, that it provides for an H-1B worker for his period of authorized

employment.[84]  While the LCA states many components of an employment

contract, from the amount owed to the termination date, it is not itself a contract

between the employer and an employee.[85]  Gupta is not a party to the application

and is described as a "beneficiary" by the USCIS.[86]  Gupta's remedies under the

statute include his ability to petition the DoL for grievances, to have an ALJ review

---

[81]     *See id.* at 57, 59.

[82]     *See id.* at 62, 64.

[83]     *See id.  See also* Agreement; 2007 LCA at 8.

[84]     *See* 8 U.S.C. § 1182(n)(1)(A)(i).  *See also* 20 C.F.R. §§ 655.731,
655.732.

[85]     *See* 2007 LCA at 8-10.

[86]     I-797 Notice.

-17-

the DoL's decision, and to request review by the ARB.[87]  This statutory scheme,

analogous to the scheme of the Davis-Bacon Act considered by the Second Circuit

in *Grochowski v. Phoenix Construction*, contemplates that an employee's rights are

protected by federal administrative remedies, not through state law contract

claims.[88]  While a state court has held that a cause of action may arise from an H-

1B application, allowing this claim to be actionable would subvert the federal

statutory scheme.[89]  Gupta cannot use state common-law claims as an end-run

around his administrative remedies.[90]

        None of the reasons for granting an exception to the exhaustion

requirement are present here.  The ARB has already held in Gupta's favor.  He has

obtained a judgment for his claims through April 30, 2009, when his H-1B visa

sponsored by Compunnel expired.[91]  There has been no showing that this process

has been biased against Gupta.  Because he is simply waiting for damages, it is

unlikely that judicial action will prevent irreparable injury.  An administrative

---

[87]    *See* 8 U.S.C. § 1182(n).  *See also Shah*, 126 F. Supp. 2d at 653.

[88]    *See Grochowski*, 318 F.3d at 86.

[89]    *See Kausal v. Educational Prods. Info Exch. Inst.*, 964 N.Y.S. 2d 550, 552 (2d Dep't 2013).

[90]    *See id. See also Davis* 575 F. Supp. at 680.

[91]    *See* ARB D&O at 22.

appeal is clearly not futile and Gupta has not raised a substantial constitutional question.  Therefore, Gupta must rely on the administrative remedies provided by the statute.

### B.   Breach of the Agreement

Gupta alleges that he was never officially terminated by Compunnel and therefore remains an employee of the company "in travel status" to this day.[92] However, Gupta has failed to show that the Agreement constitutes a valid employment contract under New York law or that he is entitled to any damages under the contract.  The Agreement does not include a salary to be paid to Gupta.[93] Importantly, the Agreement does not specify if Gupta is to be paid by the project or if he is to be paid continuously, regardless of his workload.[94]  Nor does the Agreement specify Gupta's obligations or a duration of employment, both of which are required elements under New York law.[95]  Therefore, the Agreement cannot sustain a breach of contract claim.  As a result, Gupta's remaining claims

---

[92]     *See* Answer at 59.

[93]     *See* the Agreement at 2.

[94]     *See id.*

[95]     *See id.*

are dismissed.[96]

## IV.   CONCLUSION

For the foregoing reasons, Gupta's counterclaims Four, Five Six,
Seven, and Eight are dismissed.  Because Gupta's remaining claims are for
damages, they are dismissed as well.

Either party may seek a review of the Secretary of Labor's decision
once that decision becomes final. The Clerk of the Court is directed to close this
motion [Docket No. 54 and 61][97], and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

---

[96]     In addition, Gupta's claim that he remains an employee of Compunnel
is clearly erroneous. Absent a duration of fixed employment, an employment
contract only establishes an at-will employee relationship. *See Goldman* 11 N.Y.3d
at 173.  Gupta's relationship with the company ended at the latest upon the
expiration of his USCIS petition on April 30, 2009. Because of this, Gupta's Fifth
and Sixth claims seeking wages after this period, and his Seventh and Eighth
claims arising out of his travel expenses are meritless.

[97]     Gupta has also filed a Motion for Injunctive Relief.  Because this
Opinion and Order dismisses the case, the Clerk of the Court is directed to close
that motion [Docket No. 54] as well.

-20-

Dated:      New York, New York
            March 17, 2015

-Appearances -

**For Petitioner:**

Sanjay Chaubey, Esq.
Empire State Building
18 41st Street, Ste 1704
New York, NY 10017
Phone: (212) 563-3223

**Respondent (Pro Se):**

Arvind Gupta
1-C-271 Orchid
Kalpataru Gardens, Phase-2
Ashok Nagar, Kandivali (East)
Mumbai, MH 400101
India
Email: arvgup@gmail.com

**For Respondent Thomas E. Perez,**
**Secretary of the United States Department of Labor**

Shane Patrick Cargo
Assistant United States Attorney
U.S. Attorneys Office Southern District of New York
86 Chambers Street
New York, NY 10007
(212) 637-2711