UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

COMPUNNEL SOFTWARE GROUP, INC.

        Petitioner,

   - against -

ARVIND GUPTA and THOMAS PEREZ,
Secretary of the United States Department of
Labor,

        Respondents.
------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/15

**MEMORANDUM OPINION
AND ORDER**

14 Civ. 4790 (SAS)

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   BACKGROUND

        Compunnel Software Group, Inc. ("Compunnel") sought judicial review under the Administrative Procedure Act[1] from an Administrative Review Board ("ARB") order.[2] Arvind Gupta opposed Compunnel's petition and filed a series of fourteen counterclaims against Compunnel.[3] In October, 2014, this Court dismissed Compunnel's petition without prejudice because the ARB had not yet

---

[1]    *See* 5 U.S.C. § 701 *et seq.*

[2]    *See* Petition for Judicial Review of Final Agency Action at 4.

[3]    *See* Respondent's Answer to the Complaint ("Ans.") at 42-76.

-1-

issued a final decision.[4]  Gupta's First, Second, Third, Seventh, and Ninth counterclaims were dismissed for the same reason.[5]

All of Gupta's remaining counterclaims stemmed either from a 2007 Labor Condition Application ("LCA") filed by Compunnel or from a private employment agreement (the "Agreement") with Compunnel.[6]  Compunnel then filed a motion to dismiss the remaining counterclaims in December, 2014.  Gupta filed a cross motion for judgement on the pleadings.  Compunnel's motion for judgement on the pleadings was granted, and Gupta filed a motion for reconsideration.  For the following reasons, the motion for reconsideration is DENIED.

## II.  STANDARD OF REVIEW

The standard for granting a motion for reconsideration is strict. "Reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[7]

---

[4]  *See* 10/22/14 Order, Docket No. 38 at 3.

[5]  *See id.*

[6]  *See* Ans. at 54-55.

[7]  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

"Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"[8]  Typical grounds for reconsideration include "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."[9]

## III. GUPTA'S CLAIMS

### A. Due Process Claim

Gupta claims that he did not have an opportunity to brief the Court on administrative exhaustion or private rights of action, as well as on other issues.[10]  However, Gupta's state law claims are intertwined with those of administrative procedure, and it was perfectly fair for him to expect his claims to be decided on the principles that govern how state and administrative law intersect.  His brief, for example, explicitly contemplates that he will need to prove the LCA to be a valid

---

[8]  *Oji v. Yonkers Police Dep't*, No. 12 Civ. 8125, 2013 WL 4935588, at *1 (S.D.N.Y. Sept. 11, 2013) (quoting *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)).

[9]  *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation omitted).

[10]  *See* Memorandum of Law in Support of Respondent's Motion for Altering, Amending and/or Vacating Judgment ("Resp. Mem.").

contract under state law.[11]  While Compunnel's brief is very poorly drafted, it makes the point that all of Gupta's claims are actually appeals from the ARB's decision and are therefore barred by the doctrine of exhaustion.[12]  Though the parties did not cite to each case in the Opinion, this is no basis for reconsideration.

### B.     Federal Question Jurisdiction

Gupta argues that this Court based its Opinion on federal question jurisdiction rather than diversity jurisdiction.[13]  This is incorrect.  Both issues in the Opinion were dealt with on diversity grounds as state law contract claims, and therefore Gupta's claim has no merit.

### C.     Federal Preemption Defense

Gupta argues that Compunnel neither raised nor proved the affirmative defense of exhaustion in either of its submissions.[14]  This point only applies to the parts of the Opinion dealing with the 2007 LCA.  Again, Compunnel made the point that Gupta's claims were actually appeals from the ARB ruling and

---

[11]    *See* Memorandum of Law in Support of Cross-Motion for Partial Judgement on the Pleadings at 8 (citing *Kausal v. Educational Prods. Info Exch. Inst.*, 964 N.Y.S. 2d 550, 552-53 (2d Dep't 2013)).

[12]    *See* Memorandum of Law in Opposition to Respondent's Cross Motion for Partial Judgment and Pleading at 8, 10 ("Pet. Mem.").

[13]    *See* Resp. Mem. at 2.

[14]    *See id.* at 3.

should be dealt with solely through the administrative court.[15] This is sufficient to raise the defense of exhaustion. Alternatively, the Opinion held that Gupta did not satisfy his burden of showing there was a valid contract. Therefore, Gupta's claim is meritless.

### D. State Common Law Precedent

Gupta again argues that *Kausal v. Educational Products Info Exchange*, held that an LCA creates a valid contract.[16] However, the Opinion notes that *Kausal* ignored the analysis in *Grochowski v. Phoenix Construction*, which is controlling on this Court.[17] Gupta's attempts to distinguish *Grochowski* are unavailing. *Grochowski* dealt explicitly with state common law contract claims being used to avoid the federally provided administrative remedies.[18] It is directly analogous to this case.

Gupta also argues that *Astra USA, Inc. v. Santa Clara County* only embraced *Grochowski* with respect to federal common law.[19] Gupta is wrong again. *Astra USA, Inc.* endorsed the reasoning of *Grochowski* much more broadly.

---

[15]   *See* Pet. Mem. at 8, 10-11.

[16]   *See* Resp. Mem. at 3 (citing *Kausal*, 964 N.Y.S. 2d at 552-53).

[17]   318 F.3d 80, 85-86 (2d Cir. 2003).

[18]   *See id.*

[19]   131 S.Ct. 1342, 1348 (2011).

As the Supreme Court stated, "the absence of a private right to enforce the statutory ceiling price obligations would be rendered meaningless if 340B entities could overcome that obstacle by suing to enforce the contract's ceiling price obligations instead."[20]

The only case Gupta cites to refute *Grochowski* is inapposite.[21]  In that case, the Supreme Court was deciding whether federal common law or state common law was appropriate for deciding a breach of contract claim made against the Federal Aviation Administration.[22]  No administrative scheme is mentioned in that case, and the existence of a private right of action was not at issue.

Gupta also argues that the Immigration and Nationality Act ("INA") is not field preemptive. However, field preemption was not raised or briefed.  As such, it cannot be raised on a motion for reconsideration.[23]

### E.   Extrinsic Evidence in Support of a Valid Contract

Gupta claims that he was not on notice of the reasons why the

---

[20]   *Id.*

[21]   *See Miree v. Dekalb County*, 433 U.S. 25, 27-28 (1977).

[22]   *See id.* at 29.

[23]   *See Hayles v. Advanced Travel Mgmt. Corp.*, No. 01 Civ. 0017, 2004 WL 117597, at *1 (S.D.N.Y. Jan. 26, 2004).

Agreement did not establish a valid contract.[24]  This argument is unavailing. A plaintiff is required to affirmatively plead the elements of an employment contract.[25]  The Agreement presented by Gupta did not establish a valid contract for the reasons stated in the Opinion (the lack of a wage rate, the lack of a duration, etc.).  It was insufficient on its face.

Furthermore, Gupta's remaining factual arguments are unpersuasive. They are primarily based on the "course of dealing" between Compunnel and Gupta.  For example, Gupta claims that when he was on a project, Compunnel paid him semi-monthly and at a certain wage.  However, even now, Gupta does not allege that Compunnel promised to continue paying these wages at this rate in the future.  All of these additional "terms" are arbitrarily projected by Gupta into the contract.  While Gupta now says that he "continued to perform the contract after its expiry," he never stated in his Complaint that he conducted any work for Compunnel after March 31, 2008, his last "productive period" with the company.[26]

Gupta also argues that the 2007 LCA "supplemented" the Agreement and added the necessary terms, something that the 2007 LCA cannot do.  As the

---

[24]    *See* Resp. Mem. at 5.

[25]    *See Berman v. Sugo LLC*, 580 F. Supp. 2d 191, 202 (S.D.N.Y. 2008).

[26]    *See* Resp. Mem. at 7.  *See also* Respondent's Answer to Complaint Including First Amended Counter and Cross-Claims at 38.

Opinion states, when the contractual and statutory provision is one and the same, and where there is no private right of action, a common law breach of contract claim cannot be used to enforce the statute.[27] The LCA simply cannot sustain a breach of contract claim.

### F.  The 2007 LCA

Gupta argues that the 2007 LCA was never submitted to the United States Citizenship and Immigration Services.[28] Therefore, he argues that his contractual claims have no relationship to the INA or that Act's lack of a private right of action. Nonetheless, the LCA remains under the ambit of the INA.[29] As it states, any claims brought against an employer under the LCA can be filed with the Department of Labor.[30] To the extent Gupta can sue under this statutorily created contract, he must first pursue his administrative remedies.

### G.  Leave to Amend

Gupta argues that he should be allowed to replead quasi-contractual claims based upon promissory estoppel.[31] He argues that Compunnel made "false

---

[27]  See *Astra USA, Inc.*, 131 S.Ct. at 1348.

[28]  See Resp. Mem. at 7.

[29]  See 8 U.S.C. §§ 1182(n)(2)(A), 2(C), 5(B).

[30]  See LCA, Ex. RX-SDNY-03 to Ans., at 4.

[31]  See Resp. Mem. at 8.

promises" through the LCA and that this sustains a promissory estoppel claim. This argument simply repackages claims which are dismissed. It is both too late and futile to add new claims at this date.

### F. Other Evidence of a Continuing Employment Relationship

Gupta claims that the ARB Decision contains an admission that Compunnel never terminated Gupta.[32] However, this misconstrues the record. The ARB Decision stated that Compunnel did not fire Gupta before April 30, 2009.[33] The Decision further assumes, as does the Opinion, that Gupta's and Compunnel's employment relationship ended upon the expiration of Gupta's H-1B visa.[34]

## III. CONCLUSION

For these reasons, Respondent's motion for reconsideration is DENIED.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

---

[32] *See id.*

[33] *See* ARB Decision, Ex. RX-SDNY-02 to Ans., at 14 n.74.

[34] *See id.*

Dated:	New York, New York
	April /13, 2015

-Appearances -

**For Petitioner:**

Sanjay Chaubey, Esq.
Empire State Building
18 41st Street, Ste 1704
New York, NY 10017
Phone: (212) 563-3223

**Respondent (Pro Se):**

Arvind Gupta
1-C-271 Orchid
Kalpataru Gardens, Phase-2
Ashok Nagar, Kandivali (East)
Mumbai, MH 400101
India
Email: arvgup@gmail.com

**For Respondent Thomas E. Perez,**
**Secretary of the United States Department of Labor**

Shane Patrick Cargo
Assistant United States Attorney
U.S. Attorneys Office Southern District of New York
86 Chambers Street
New York, NY 10007
(212) 637-2711