UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 5/20/19

---

COMPUNNEL SOFTWARE GROUP, INC.,

Petitioner,

v.

ARVIND GUPTA, and R. ALEXANDER ACOSTA, in his capacity as Secretary, United States Department of Labor,

Respondents.

No. 14-CV-4790 (RA)

MEMORANDUM OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

Arvind Gupta seeks reconsideration of this Court's September 30, 2018 Opinion and Order denying his motion for partial summary judgment and granting the motions for summary judgment of the Secretary of Labor and Compunnel Software Group, Inc. For the reasons that follow, the motion is denied.

## BACKGROUND

The factual background and procedural history of this case is set forth in detail in the Court's September 30, 2018 Opinion and Order, familiarity with which is assumed. The Court here provides a brief overview of the factual background that is relevant to the instant motion.

Gupta is a citizen of India who was employed by Compunnel to work in the United States pursuant to an H-1B visa.[1] On November 17, 2008, he filed a complaint with the Department of Labor ("DOL") alleging, *inter alia*, that Compunnel had failed to pay him the appropriate wage

---

[1] The H-1B visa program permits non-immigrant foreign workers to work temporarily in the United States in "specialty occupation[s]" that require the application of "a body of highly specialized knowledge," as well as attainment of a bachelor's degree or higher in the specialty. 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1182(n), 1184(i)(1).

rate, as required by the H-1B provisions of the Immigration and Nationality Act ("INA"). The Wage and Hour Division (WHD") investigated Gupta's complaint and issued a determination letter concluding that Compunnel owed Gupta $6,976.00 in back wages, but that that the company had already paid the back wages in full. Gupta disputed the WHD's determination and requested a hearing before an Administrative Law Judge ("ALJ"), who subsequently affirmed the determination of the WHD. Gupta then appealed to the Administrative Review Board ("ARB"), which reversed in substantial part the determinations of the ALJ. The ARB held that Compunnel owed Gupta back wages, benefits, and interest for specified periods and remanded to the ALJ for a calculation of damages and for reconsideration of Gupta's retaliation claim.

On June 27, 2014, Compunnel petitioned this Court for judicial review of the ARB's order. Gupta answered the petition and filed numerous counterclaims against Compunnel, as well as cross-claims against the Secretary. The Court dismissed the petition, as well as the majority of Gupta's counterclaims, on the ground that the ARB order was non-final and therefore not yet subject to judicial review. Shortly thereafter, the Court granted Compunnel's motion for judgment on the pleadings as to Gupta's remaining counterclaims.

While Gupta's DOL complaint was on remand before the ALJ, Compunnel and Gupta reached a settlement agreement. The agreement was signed on March 10, 2016 in a conference before the ALJ. It provided, among other things, that in exchange for a payment of $28,000 from Compunnel to Gupta, the parties were "giving up their right to a trial in connection with the allegations contained in the complaints filed with the U.S. Department of Labor—Wage and Hour Division (WHD) against [Compunnel] or any other rights which are the subject of this Agreement and Stipulation including any rights in the administrative proceedings in ALJ Case No. 2011-LCA-045, ARB Case No. 12-049, USDC Case No. 14-CV-4790 (SAS) or any other court related to this

matter." Administrative Record ("AR") at 1617–18. The following day, the ALJ approved the settlement agreement as fair and reasonable, and dismissed the matter with prejudice.

Approximately three weeks later, Gupta petitioned the ARB for review, arguing that the ALJ's approval of the settlement agreement and dismissal of his case was, among other things, contrary to the ARB's mandate. The ARB declined Gupta's petition for review and dismissed the matter with prejudice, holding that it lacked jurisdiction to adjudicate Gupta's collateral attacks to a facially valid settlement agreement.

On May 5, 2016, Gupta filed a motion to reopen the case in this Court. The Court granted the motion, and Gupta filed a Fourth Amended Petition for Review seeking judicial review of the ALJ and ARB's orders dismissing his DOL complaint. Compunnel and the Secretary each moved for summary judgment, and Gupta moved for partial summary judgment. On September 30, 2018, this Court denied Gupta's motion and granted the motions of the Secretary and Compunnel. The Court held, first, that there was no genuine dispute of material fact as to the validity and enforceability of the settlement agreement, which had been ratified by Gupta and which unambiguously released Gupta's claims against Compunnel in both this Court and the DOL. Second, the Court held that, in light of the parties' valid and binding settlement agreement, any remand to the ALJ or ARB would be futile. On October 10, 2018, Gupta filed the instant motion for reconsideration.

## STANDARD OF REVIEW

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b)." *Farmer v. United States*, No. 15-CV-6287 (AJN), 2017 WL 3448014, at *2 (S.D.N.Y. Aug. 10, 2017) (quotation omitted). "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of

scarce judicial resources." *Cohen Lans LLP v. Naseman*, No. 14-CV-4045 (JPO), 2017 WL 1929587, at *1 (S.D.N.Y. May 10, 2017) (quotation omitted). "In order to prevail on a motion for reconsideration, a movant must demonstrate '(i) an intervening change in controlling law; (ii) the availability of new evidence; or (iii) the need to correct clear error or prevent manifest injustice.'" *Id.* (citation omitted). "The standard governing motions for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked.'" *Bldg. Serv. 32BJ Health Fund v. GCA Servs. Grp., Inc.*, No. 15-CV-6114 (PAE), 2017 WL 1283843, at *1 (S.D.N.Y. Apr. 5, 2017) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

## DISCUSSION

Gupta moves for reconsideration based on an asserted need to "correct clear error or prevent manifest injustice." Gupta Mot. for Reconsideration at 3. He argues that (1) the Court, the ALJ, and the ARB each lacked jurisdiction to uphold the settlement agreement; (2) remand to the agency would not be futile, and (3) the settlement agreement is preempted by the INA and therefore invalid. Each of these arguments fails.

### I. Jurisdiction

Gupta first argues that the Court, the ALJ, and the ARB each lacked jurisdiction to uphold the settlement agreement. He asserts that the WHD's determination was never appealed, and on that basis argues that both the ALJ and the ARB lacked jurisdiction to approve the settlement agreement, which Gupta contends contradicts the determinations of the WHD. Gupta further argues that this Court lacked jurisdiction to uphold the settlement agreement, because Compunnel failed to exhaust its administrative remedies.

Gupta's argument fails because it relies on an incorrect recitation of the procedural history of this case. Contrary to Gupta's assertion, the WHD's determination was, in fact, appealed—by

4

Gupta—on June 6, 2011. AR 8–19. Gupta, in fact, successfully appealed the WHD's determination to the ARB, which reversed the ALJ's affirmance of the WHD and remanded for reconsideration and calculation of damages. While pending on remand, however, Gupta and Compunnel entered into the settlement agreement. The ALJ, accordingly, dismissed the case, and the ARB subsequently dismissed the case with prejudice on the ground that it lacked jurisdiction to consider Gupta's attacks to the facially valid settlement.

Thus, contrary to Gupta's assertions, the WHD's determination was not the final determination of the Secretary. The ALJ and ARB each properly heard Gupta's appeals, which were brought pursuant to the applicable regulations. *See* 20 C.F.R. § 655.820 (providing for review by an ALJ), § 655.845 (providing for review by the ARB). Furthermore, since the agency's dismissal with prejudice of Gupta's case "mark[ed] the consummation of [its] decision-making process" and was a decision "by which rights or obligations [were] determined," it constituted a "final agency action" subject to judicial review. *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997); *see* 5 U.S.C. § 704. The Court, accordingly, rejects Gupta's argument that the Court and agency lacked jurisdiction to dismiss Gupta's case based on the parties' settlement agreement.

## II.     Futility

Gupta next argues that the Court erred in concluding that remand to the agency would be futile, because the parties' settlement agreement did not absolve the DOL from its statutory obligation to enforce the H-1B provisions of the INA. Gupta's argument misses the point. In the settlement agreement, Gupta expressly waived his "right to a trial in connection with the allegations contained in the complaints filed with the U.S. Department of Labor—Wage and Hour Division (WHD)," as well as his "rights in the administrative proceedings in ALJ Case No. 2011-LCA-045, ARB Case No. 12-049, USDC Case No. 14-cv-4790 (SAS) or any other court related to this matter." AR at 1617–18. This Court has already ruled that the settlement agreement as a

whole, and this release provision in particular, were valid and enforceable. And Gupta cites no authority to support the proposition that claims for violations of the H-1B program cannot be settled. Indeed, such claims appear to settle routinely.[2] Thus, independent of any statutory obligation belonging to the Secretary, Gupta has given up his rights to pursue his claims against Compunnel before the agency and this Court. Any remand to the agency would thus necessarily result, once again, in the dismissal of Gupta's claims.

### III. Preemption

Finally, relying on the Supremacy Clause and the doctrine of conflict preemption, Gupta argues that the settlement agreement is invalid because it was preempted by federal law. Conflict preemption, however, applies "where local law conflicts with federal law such that it is impossible for a party to comply with both or the local law is an obstacle to the achievement of federal objectives." *Figueroa v. Foster*, 864 F.3d 222, 228 (2d Cir. 2017). Since this case does not involve any conflict between federal law and local law, conflict preemption is inapplicable.

### CONCLUSION

For the foregoing reasons, Gupta's motion for reconsideration is denied. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 254 and to close this case.

SO ORDERED.

Dated: May 20, 2019
New York, New York

Ronnie Abrams
United States District Judge

---

[2] *See* LCA Decisions, Office of Administrative Law Judges, United States Department of Labor. Available at https://www.oalj.dol.gov/PUBLIC/INA/REFERENCES/CASELISTS/LCA_DECISIONS.HTM.